## U.S. DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE BEBERMAN,<br><br>    Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF STATE and<br>SECRETARY OF STATE MIKE POMPEO, IN<br>HIS OFFICIAL CAPACITY,<br><br>    Defendants. | ) Case: 1:19-cv-03115<br>) Assigned To : Kelly, Timothy J.<br>) Assign. Date : 10/15/2019<br>) Description: TRO/PI     (D-DECK)<br>)<br>) ORDER, INJUNCTION,<br>) DECLARATORY JUDGMENT, and BACKPAY<br>)<br>)<br>)<br>)<br>) |

### PETITION FOR TEMPORARY RESTRAINING ORDER, INJUNCTION, DECLARATION JUDGMENT AND BACKPAY

COMES NOW PLAINTIFF Julie Beberman, pro se, and for her Petition for Temporary Restraining Order, Injunction, Declaratory Judgment and Backpay against DEFENDANTS U.S. Department of State and Secretary of Mike Pompeo, in his official capacity, alleges the following:

**Nature of the Case**

1. Plaintiff Julie Beberman requests that this Court require Defendants U.S. Department of State [hereinafter "the Department"] and Secretary of State Mike Pompeo to abide by an order of the Foreign Service Grievance Board [hereinafter "the FSGB"] issued March 9, 2016 [hereinafter "the March 9, 2016 Order"]. Exhibit 1.

2. In its March 9, 2016 Order the FSGB granted Beberman temporary interim relief from separation from the Foreign Service until it made a "full determination" of her request for interim relief from separation, pursuant to its authority under 22 U.S.C. § 4136(8).

3. Defendants are obligated to respect the terms of the March 9, 2016 Order and, until September 24, 2019, had done so by suspending Beberman's separation.

4. Even though the FSGB has not yet made a full determination of Beberman's request for interim relief, on September 24, 2019, Defendants notified Beberman that they intended to separate her from the Foreign Service.

5. Beberman requested that the Defendants withdraw the notification of her separation, based on the pendency of two motions for reconsideration before the FSGB, but Defendants refused.

6. Beberman seeks temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendants from separating her or forcing her to involuntary retire while the March 9, 2016 Order remains in effect.

7. Beberman seeks a declaration that Defendants are required to respect the terms of the March 9, 2016 Order until it is vacated, modified, or rescinded, and the FSGB has made a full determination of Beberman's request for interim relief.

8. Beberman seeks backpay and lost benefits, including but not limited to sick leave accrual, annual leave accrual, matching contributions to her Thrift Savings Plan account, for any period in which Defendants have ended her employment while the March 9, 2016 Order remains in effect.

9. Beberman seeks immediate reinstatement in the event that Departments have ended Beberman's employment before this Court has ruled on this matter.

## The Parties

10. Plaintiff Julie Beberman is domiciled in St. Croix, U.S. Virgin Islands and is employed by the U.S. Department of State as a Foreign Service Officer career candidate.

11. Defendants are the U.S. Department of State, a federal agency, and Secretary of State Mike Pompeo, in his official capacity.

## Jurisdiction

12. This action arises under Foreign Service Act of 1980 (FSA), 22 U.S.C. § 3901 *et seq.*, the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 1331.

13. The Court may issue a declaratory judgment and grant further relief pursuant to 28 U.S.C. §§ 2201, 2202.

14. The Department's decision to separate Beberman from the Foreign Service or to force her involuntary retirement is an "agency action." 5 U.S.C. §§ 701, 551(13).

15. The Department's decision in contravention of the FGSB's Mar. 9, 2016 order is a legal wrong which adversely affecting Beberman. Therefore, she is entitled to judicial review in district court of her claim against Defendants Department and the Secretary of State, in his official capacity for declaratory and injunctive relief and back pay, pursuant to 5 U.S.C. §§ 702, 703.

16. This Court has the authority to "postpone the effective date of" Beberman's separation or involuntary retirement "pending conclusion of the review proceedings." 5 U.S.C. § 705.

17. The Court may also grant injunctive relief, including a preliminary injunction, pursuant to the All Writs Act, 28 U.S.C. § 1651 and Federal Rules of Civil Procedure 65

18. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 because Beberman claims that the Department's action in separating or forcing her to involuntary retirement violates 22 U.S.C. § 4136(8) and her right to due process under the Fifth Amendment of the U.S. Constitution.

19. Beberman also seeks back pay under the Back Pay Act, should the Defendants force her to leave the Foreign Service while she remains on temporary interim relief. 5 U.S.C § 5596.

20. The question of whether Beberman will ultimately prevail on her grievances pending before the FSGB is separate and apart from the question of whether Defendants are entitled to separate her or force her involuntary retirement in conflict with the FSGB's decision granting her interim relief. *See Miller v. Baker*, 969 F.2d 1098, 1100 (D.C. Cir. 1992).

21. There is no further administrative procedure for Beberman to exhaust and further exhaustion would be futile.

22. Beberman requested that the FSGB grant her interim relief from separation and the FSGB granted her temporary interim relief while it considered her request.

23. The FSGB's March 9, 2016 Order, in essence, enjoined Defendants from terminating Beberman.

24. Without the FSGB having made a full determination of Beberman's request for interim relief, Defendants have now changed their course and informed Beberman that she will be forced to involuntarily retire.

25. Defendants have turned a deaf ear to Beberman's pleas that they suspend her separation until the FSGB has made its full determination. "When the agency has already made it abundantly obvious that it would not correct the error and would not conform its actions with the strictures of [the applicable statute], it would be meaningless to compel the hapless plaintiff to pursue further administrative remedies simply for form's sake." Daedalus Enterprises, Inc. v. Baldrige, 563 F. Supp. 1345, 1350 (D.D.C. 1983).

26. It would be futile for Beberman to file a second grievance challenging the Department's action to separate her, since she has already filed a first grievance and been granted temporary interim relief from separation.

27. Beberman has no other recourse, but to come to this Court to enforce the temporary injunctive relief that the FSGB granted her.

28. Because the Department intends to affect Beberman's involuntary retirement on October 31, 2019, Beberman is taking this emergency action to maintain the status quo.

29. Beberman has no other recourse.

**Venue**

30. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A).

**Background**

31. The Foreign Service Act of 1980 (FSA) requires persons seeking a Foreign Service Officer career appointment to first serve under a limited appointment as a career candidate for a trial period. FSA § 306(a), codified at 22 U.S.C. § 3946(a).

32. During the trial period, the Secretary will decide whether to grant the individual tenure to a career appointment, based on binding recommendations of Commissioning and Tenure Boards. FSA § 306(b), codified at 22 U.S.C. § 3946(b).

33. If tenure is not granted during the trial period, the individual will be separated from the Service at the expiration of the limited appointment term. FSA § 309(a), codified at 22 U.S.C. § 3949(a).

34. The FSA also establishes procedures for the filing and consideration of grievances by members of the Foreign Service. FSA §§ 1101-1110, codified at 22 U.S.C. §§ 4131-4140.

35. In general Foreign Service Officers are obliged to grieve their concerns about Department actions to the Department itself and then to the FSGB. FSA §§ 1105-1107, codified at 22 U.S.C. §§ 4135-4137; 22 C.F.R. ch. I, pt. 16.

36. The FSGB's final decisions are reviewable in district court. FSA § 1110(a), codified at 22 U.S.C. § 4140(a).

37. If, while a grievance is pending before the FSGB, the Secretary proposes to separate the grievant, and the Board determines that the proposed separation is related to the grievance, the Board may require the Secretary to suspend the proposed separation until the grievance is resolved. FSA § 1106(8), codified at 22 U.S.C. § 4136(8).

38. The Secretary of State must abide by the FSGB's order suspending the proposed separation. *Miller v. Baker*, 969 F.2d 1098, 1102 (D.C. Cir. 1992).

**Facts**

39. Beberman served as a Foreign Service Officer career candidate on a limited career appointment, which was set to expire on March 27, 2016.

5

40. She was not recommended for tenure and would have been separated on or about the expiration date,

41. Based on the pendency of her grievance in FSGB No. 2015-035, Beberman requested that the FSGB grant her interim relief from separation on March 2, 2016.

42. Pursuant to 22 U.S.C. § 4136(8), on March 9, 2016, the three-person FSGB panel in FSGB No. 2015-035 granted Beberman temporary interim relief from separation from the Foreign Service pending a "full determination" of her request for interim relief. Exhibit 1.

43. That order has not been modified, rescinded, or vacated and Beberman's request for interim relief has not been fully determined.

44. In violation of the FSGB's March 9, 2016 Order, on September 24, 2019, the Department notified Beberman that she would be separated from the Foreign Service.

45. In furtherance of this notification, the Department scheduled Beberman's involuntary retirement for October 31, 2019.

46. Beberman requested on October 4 that the Director General of the Foreign Service suspend her involuntary retirement until the FSBG has fully determined her request for interim relief, including two pending motions for reconsideration.

47. On October 11, 2019, the Director General acknowledged the pendency of Beberman's motions for reconsideration, but nonetheless, reaffirmed her intent to force Beberman's involuntary retirement on October 31, 2019.

**Justifications for Equitable Relief**

**Irreparable Harm**

48. Beberman will be irreparably harmed by Defendants' action in separating her in violation of the FSGB's March 9, 2016 Order.

49. An untenured Foreign Service career candidate has the due process right "to have her expiration stayed when the Board determines that the expiration is related to a valid

6

grievance pending before it and that the expiration should be suspended." *Miller v. Baker*, 749 F. Supp. 293, 298 (D.D.C. 1990).

50. The harm to Beberman's right to due process is irreparable.

51. Defendants' planned action in forcing Beberman's involuntary termination would violate her constitutional due process right to continued employment until the FSGB makes its full determination of her request for interim relief.

52. The disruption of Beberman's Foreign Service career is a harm that cannot be remedied economically alone.

53. The FSGB, itself, has consistently acknowledged that Congress gave it the power to suspend a Foreign Service member's separation, whether a tenured or untenured officer, out of concern for disruption to the Foreign Service member's career.

54. Congress gave the FSGB the authority to grant interim relief to avoid error costs, because "reinstated employees, though entitled to backpay, would still have suffered significant disruption to their careers." *Miller*, 969 F.2d at 1102.

55. Given Beberman's particular circumstances, the termination of her temporary interim relief would be extremely disruptive to her career.

56. She has served in the Foreign Service for almost 10 years, since January 2010, first as a Foreign Service Specialists, as a Security Engineering Officer, and then as a Foreign Service Officer, on the Economic career track.

57. She has served as a federal employee for an aggregate of just short of 22 years.

58. If Beberman were to prevail on her grievances, the FSGB would likely find her entitled to a retroactive tenure and promotion board, a form of relief that it typically provides to prevailing untenured grievants. *See, e.g.* FSGB No. 2009-027, 2013 FSGB LEXIS 183, *13 (Nov. 1, 2013).

59. Beberman's premature removal from duty would result in a gap that would reduce the likelihood of her being promoted by future promotion boards.

60. It would also reduce her ability to stay current with developments, which would put her at a disadvantage for future bidding for positions.

61. The disruption to Beberman's career is immeasurable in dollars and cents, and, as the D.C. Circuit observed in *Miller*, 969 F.2d at 1102, cannot be fully compensated through backpay.

62. "The loss of opportunity to pursue one's chosen profession constitutes irreparable harm." *Ariz. Dream Act Coalition v. Brewer*, 818 F.3d 901, 919-920 (9th Cir. 2016); *see also Enyart v. Nat'l Conf. of Bar Examiners, Inc., Inc.*, 630 F.3d 1153, 1166 (9th Cir. 2011)(affirming district court's finding plaintiff's likely loss of ability to pursue chosen profession constituted irreparable harm).

63. "The lost opportunity to engage in one's preferred occupation goes beyond monetary deprivation." *Bonnette v. D.C. Court of Appeals*, 796 F. Supp. 2d 164, 186 (D.D.C. 2011).

64. Beberman would suffer irreparable harm by not being able to continue to serve in the unique position of a Foreign Service Officer, pending the FSGB's final decision.

65. Although a monetary award could make her financially "whole," like a flight officer forced into early retirement, delayed restoration to her position would still fall short. *Monroe v. United Air Lines, Inc.*, 1983 U.S. Dist. LEXIS 19827, * 5-7 (N.D. Ill. Jan. 24, 1983).

66. There would be no recapturing the time lost. Beberman is 57 and the mandatory retirement age for Foreign Service officers is age 65.

67. Even if Beberman were to be later reinstated, the time spent away would impair her ability to stay in touch with new developments diminishing her effectiveness once reinstated.

68. Beberman's circumstances are extraordinary in that serving as a Foreign Service Officer is a unique profession with no parallel.

69. Every day that Beberman is prevented from serving as a Foreign Service Officer causes her irreparable harm because there is no chance of her finding similar employment anywhere else.

**Likelihood of Success on the Merits**

8

70. Beberman is likely to succeed on the merits because Defendants are forcing her to retire before the FSGB has fully determined her request for interim relief. The FSGB has not modified, rescinded, or vacated its March 9, 2016 order entered pursuant to 22 U.S.C. § 4136(8).

71. At the time that Defendants notified Beberman on February 26, 2016, that they intended to separate her, Beberman's grievance FSGB No. 2015-035 was pending and Beberman requested interim relief in that proceeding.

72. Subsequently, Beberman also requested interim relief in FSGB No. 2016-036, and FSGB No. 2016-001.

73. The FSGB denied Beberman's request for interim relief in FSGB No. 2015-035 and her request for reconsideration.

74. The FSGB denied Beberman's request for interim relied in FSGB No. 2016-036 and on September 30, 2019, denied her request for reconsideration.

75. The FSGB denied Beberman's request for interim relief in FSGB No. 2016-001 on September 18, 2019.

76. Currently pending before the FSGB are Beberman's timely request for reconsideration of the FSGB's decision in FSGB No. 2016-001 filed on September 30, 2019 and her second motion for reconsideration based on intervening controlling law filed in FSGB No. 2015-035, the opposition thereto, and Beberman's reply.

77. These motions render the FSGB's decisions denying Beberman's request for interim relief nonfinal. Until these two motions are decided, the FSGB will not have fully determined Beberman's request for interim relief.

78. The FSA, FSA § 1106(9), codified at 22 U.S.C. § 4136(9), the code of federal regulations, 22 C.F.R. § 16.14, and the FSGB's rules authorize the FSGB to reconsider its decisions.

79. "[I]t is well-established that 'an administrative agency may reconsider its own decisions.'" *Arono, Inc. v. United States*, 49 Fed. Cl. 544, 549 (2001)(quoting *Summit Contractors v. United States*, 15 Cl. Ct. 806, 808 (1988)).

9

80. "The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review." *Stone v. INS*, 514 U.S. 386, 392 (1995).

81. "[O]nce a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party." *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489-1490 (D.C. Cir. 1994)(citations omitted).

82. "Where a plaintiff timely submits a request for reconsideration, . . . such a request suspends the finality of the decision pending a ruling on the application." *Arono, Inc.*, 49 Fed. Cl. at 549 (quotation omitted).

83. "A request for administrative reconsideration renders an agency's otherwise final action non-final with respect to the requesting party." *Clifton Power Corp. v. Ferc*, 294 F.3d 108, 110 (D.C. Cir. 2002).

84. "Where a motion for rehearing is in fact filed there is no final action until the rehearing is denied." *Outland v. Civil Aeronautics Board*, 284 F.2d 224, 227 (D.C. Cir. 1960

85. "The legitimate use of the agency's power to reconsider its earlier decision must be respected." *Summit Contractors*, 15 Cl. Ct. at 808.

86. "Only upon the decision on reconsideration [does] the action become final." *Id.*

87. Given that Beberman filed a timely request for reconsideration of the FSGB's order in FSGB No. 2016-001 denying her interim relief, the FSGB's decision denying her interim relief is nonfinal.

88. Because it is nonfinal, no order of the FSGB denying Beberman interim relief has gone into effect.

89. There is no law, regulation, or rule which prevents a motion to reconsider filed before the FSGB from staying the action.

90. In the absence of such a law, regulation or rule, the nonfinal orders of the FSGB are not given effect.

91. Defendants must continue to respect the order of the FSGB March 9, 2016, because the FSGB's decisions denying Beberman interim relief are nonfinal.

92. Not until there is a full determination of Beberman's request for interim relief may Defendants separate her from the Foreign Service, if the FSGB finally denies her interim relief.

93. Because the question of Beberman's interim relief has not been fully determined the FSGB's order granting her temporary interim relief remains in effect.

94. Therefore, it is premature, inappropriate, and in violation of the FSGB's interim relief authority for Defendants to take any action against her at this time.

95. The FSGB's orders denying Beberman's request for interim relief and for reconsideration in FSGB No. 2015-035 were interlocutory and nonfinal, given that Beberman had requests for interim relief pending in FSGB No. 2016-036 and FSGB No. 2016-001.

96. Beberman's second request for reconsideration in FSGB No. 2015-035 was filed before the FSGB had made a final decision on Beberman's requests for interim relief. Therefore, it was not filed too late. Furthermore, it is premised on intervening controlling law.

97. Until the FSGB issues its final decision on interim relief, and only if that decision denies Beberman interim relief, would it be appropriate for Defendants to separate her.

98. When the FSGB determines suspension is appropriate, "the Secretary must forbear until the merits are resolved." *Miller*, 969 F.2d at 1102.

99. Here the Secretary must forbear until the FSGB fully determines whether suspension is appropriate.

100. Should the Board rule in Beberman's favor on interim relief on either of Beberman's motion for reconsideration in FSGB No. 2016-001 or her second motion for reconsideration in FSGB No. 2015-035, the Secretary must continue his forbearance, in accordance with 22 U.S.C. § 4136(8).

**Balancing the Harms**

101. The Government, its employees, and the public have a strong interest in the protection of the due process rights of federal employees.

102. If the Secretary is permitted to discharge a Foreign Service member despite an FSGB order suspending that discharge, then the Secretary may do so as a matter of course, preferring to pay backpay should the employee have the wherewithal to challenge that decision.

103. This contravenes the law and Congressional intent. As the D.C. Circuit noted in *Miller v. Baker*, Congress took into account error costs and found it to be in the Government's and public interest to continue the employment of a Foreign Service member until the FSGB has made its final decision regarding interim relief, and during any period of interim relief. *Miller*, 969 F.2d at 1102.

104. In the balancing of equities, "it must be remembered that all Plaintiff[] seek[s] during this litigation is to serve [her] Nation with honor and dignity," *Doe v. Trump*, 2017 U.S. App. LEXIS 26477, *12, (D.C. Cir. Dec. 22, 2017), and to carry out her oath to "support and defend the Constitution of the United States against all enemies, foreign and domestic."

105. Beberman has shown her dedication to the Foreign Service with a steady stream of awards, commendations, and laudatory performance evaluations.

106. On balance, a temporary restraining order or preliminary injunction preventing Defendants from terminating Beberman's employment until the FSGB has fully determined Beberman's request for interim relief would not be harmful to Defendants at all.

107. Beberman is currently providing a highly valued public service in assisting with the employment of eligible family members in the U.S. embassies throughout sub-Saharan Africa.

108. Her premature termination would be damaging to this important Foreign Service program, and therefore, contrary to the public interest.

109. A temporary restraining order would maintain the status quo in which Defendants are not harmed, but rather helped, by Beberman's continued service.

110. A temporary restraining order would preserve the status quo for a brief period of time until these issues can be fully briefed and would cause minimal, if any, disruption to government operations.

111. Conversely, the harm to Beberman of being forced to involuntarily retire without due process and in violation of the temporary interim relief the FSGB granted her would be irreparable.

**Prayer for Relief**

Beberman respectfully requests that this Court:

a. Enter a temporary restraining order enjoining Defendants from separating Beberman from the Foreign Service until this matter has been heard on her motion for a preliminary injunction;

b. Enter a preliminary and permanent injunction enjoining Defendants from separating Beberman from the Foreign Service unless and until the FSGB issues a final decision denying Beberman interim relief;

c. Declare that by separating Beberman in the face of the FSGB's temporary interim relief order, Defendants have violated 22 U.S.C. § 4136(8) and taken action not in accordance with law;

d. If Beberman is forced to involuntary retire before this Court has ruled on the merits of this petition, require Defendants to abide by the FSGB's temporary interim relief order by reinstating Beberman until the FSGB has made a full determination;

e. Order Defendants to pay Beberman backpay and benefits with interest, for any period during which Beberman is forced to involuntarily retire prior to the FSGB having entered a final decision on her request for interim relief.

f.  Require Defendants to pay Beberman's reasonable attorney fees and costs, as they may arise;

g.  All further relief this Court deems just and equitable.

Respectfully submitted,

Dated: October 12, 2019

Julie A. Beberman, pro se
P.O. Box 7006
Arlington, VA 22207
(340) 277-1613
BebermanJA@state.gov
OilGenie@yahoo.com

# FOREIGN SERVICE GRIEVANCE BOARD

Mail:  
SA-15, ROOM 3100  
WASHINGTON, DC 20522-1531

Office Location:  
SUITE 3100S, 1800 N. KENT St.  
ARLINGTON, VA 22209

Phone: (703) 875-5174   FAX: (703) 875-5177

March 9, 2016

## MEMORANDUM

TO:      Ms. Julie Beberman, Grievant  
         Andrew Large, AFSA  
         Akia F. Roane, HR/G, HR/G

FROM:    Lisa K. Bucher  
         Executive Secretary

SUBJECT: Interim Relief  
         FSGB No. 2015-035

The Board has asked me to relay to the parties the following information.

The FSGB panel charged with deciding Ms. Beberman's grievance appeal has determined that it will grant temporary interim relief from separation at the conclusion of grievant's limited career appointment (March 27, 2016) pending a full determination on Ms. Beberman's request for interim relief received by this Board March 2, 2016. The Board acknowledges the agency's intent to oppose grievant's interim relief request and through this memorandum sets forth the following briefing schedule:

- Twenty (20) days from the date of this memorandum, the agency should submit its opposition brief.
- Ten (10) days following receipt of the agency opposition, the grievant should submit a response.

cc:   Panel: Long, Cummings, Nance

Exhibit 1