# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE BEBERMAN,<br><br>    *Plaintiff*,<br>v.<br><br>U.S. DEPARTMENT OF STATE *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-3115 (TJK) |

## **MEMORANDUM OPINION**

Julie Beberman, a Foreign Service career candidate, was denied tenure and was set to be separated from the Foreign Service in late March 2016. Around this time, she filed several grievances with the Foreign Service Grievance Board (FSGB) and in each requested interim relief from separation while the FSGB adjudicated the merits of the grievance. The State Department opposed her requests for interim relief, and in early March 2016 the FSGB granted her temporary interim relief while it adjudicated her requests for interim relief. The FSGB has now denied all Beberman's requests for interim relief, and the State Department has informed her that she will be separated from the Foreign Service on October 31, 2019. Proceeding *pro se*, Beberman filed this lawsuit in which she asserts that the March 2016 order granting her temporary interim relief is still in effect and that separating her from the Foreign Service would violate it and the statute that authorizes it.

Beberman has moved for a temporary restraining order and a preliminary injunction preventing Defendants from separating her. Defendants, in turn, oppose her motion and have moved to dismiss her complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. For the reasons explained below, the Court will deny Defendants' motion to dismiss and deny

Beberman's motion for preliminary injunctive relief because she has failed to show that, absent that relief, she would suffer irreparable harm.

**I.      Background**

The Foreign Service denied Beberman tenure and scheduled her to be separated from its ranks in late March 2016.  ECF No. 1 ¶¶ 39–40.  Around that time, she filed a series of related grievances with the FSGB; the substance of those grievances is not relevant here.[1]  Along with each grievance, she requested interim relief from separation from the Foreign Service under 22 U.S.C. § 4136(8) while the FSGB adjudicated the merits of her claims.  *Id.* ¶¶ 41–42.  The State Department opposed her requests for interim relief.  In March 2016, the FSGB granted Beberman *temporary* interim relief while it adjudicated her requests for interim relief.  ECF No. 2-1 at 104.  In a June 2017 order denying a few of Beberman's requests for interim relief, the FSGB ordered that her temporary interim relief would remain in effect until the FSGB resolved her additional "outstanding requests for interim relief from separation."  ECF No. 5-3 at 57.  And in March 2019, in denying another request for interim relief, the FSGB ordered that Beberman's temporary interim relief would remain in effect "only until the Board has adjudicated the [interim relief] issue still pending at [that] time."  ECF No. 5-4 at 40.  In September 2019, the FSGB denied the last of Beberman's requests for interim relief.  *See* ECF No. 5-5.  A few days later, the State Department informed Beberman that she would be separated from the Foreign Service on October 31, 2019.  ECF No. 1 ¶¶ 44–47; ECF No. 5 at 3.  In response, Beberman asked the State Department not to separate her.  *See, e.g.*, ECF No. 2-1 at 98–100, 102–09.  She argued that because she had filed motions for reconsideration of two of the FSGB's interim relief

---

[1] Beberman appears to have filed five grievances in total, three of which were consolidated, resulting in three separate cases and three requests for interim relief.  *See* ECF No. 5-3 at 2; ECF No. 5-4; ECF No. 5-5.

2

orders, those orders were nonfinal, and therefore her temporary interim relief remained in effect. *See* ECF No. 2-1 at 105–09. The State Department acknowledged receiving Beberman's request and her pending motions for reconsideration, but informed her that her planned separation would still proceed. ECF No. 2-1 at 110.

On October 15, 2019, Beberman filed this suit and moved for a temporary restraining order and a preliminary injunction to prevent her separation.[2] ECF No. 1. She appears to proceed under the Administrative Procedure Act (APA), 5 U.S.C. § 702, and the Due Process Clause of the Fifth Amendment. *See* ECF No. 2 at 3. Defendants opposed her motion and moved to dismiss the complaint for lack of subject matter jurisdiction. ECF Nos. 5, 6. Beberman replied and opposed Defendants' motion to dismiss. ECF No. 8.

## II. Legal Standards

The plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has subject matter jurisdiction to hear her claim. *Cause of Action Inst. v. Internal Revenue Serv.*, 390 F. Supp. 3d 84, 91 (D.D.C. 2019). In deciding a Rule 12(b)(1) motion, the court treats the complaint's factual allegations as true, but gives them closer scrutiny than it would in judging a motion for failure to state a claim. *Id.*

A party seeking the extraordinary relief of a temporary restraining order or a preliminary injunction must carry the burden of persuasion to show: "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Chaplaincy of Full Gospel Churches v.*

---

[2] This is at least the eighth federal lawsuit filed by Beberman related to her employment at the State Department. *See Beberman v. Pompeo*, 1:16-cv-02361-TJK, ECF No. 65 (D.D.C. December 11, 2018) (summarizing Beberman's relevant litigation history through December 2018).

*England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009). When, as here, the government is the opposing party, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Before the Supreme Court decided *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), courts in this Circuit analyzed these factors on a sliding scale, so that a plaintiff's weak showing on one could be overcome by a strong showing on the others. *Sherley v. Sebelius*, 644 F.3d 388, 392–93 (D.C. Cir. 2011). The D.C. Circuit "has suggested, without deciding, that *Winter* should be read to abandon the sliding-scale analysis in favor of a 'more demanding burden' requiring plaintiffs to independently demonstrate both a likelihood of success on the merits and irreparable harm." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (quoting *Sherley*, 644 F.3d at 392). But the Court need not determine the continued validity of the sliding-scale approach here. The "basis of injunctive relief in the federal courts has always been irreparable harm." *Chaplaincy*, 454 F.3d at 297 (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995); *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). Thus, "[a] movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." *Id.*; *see also CityFed Fin. Corp.*, 58 F.3d at 747; *Nat'l Parks Conservation Ass'n v. Semonite*, 282 F. Supp. 3d 284, 288 (D.D.C. 2017).

### III. Analysis

#### A. Defendants' Motion to Dismiss

Defendants argue that this action is effectively an appeal of the FSGB's denial of interim relief, a nonfinal agency action not subject to judicial review under the APA. *See* ECF No. 5 at 5–6. As a result, they assert, the Court lacks subject matter jurisdiction and must dismiss the complaint. They are wrong for three reasons.

4

First, Beberman appears to proceed under the Due Process Clause of the Fifth Amendment, as well as the APA.[3] *See* ECF No. 2 at 3. So despite Defendants' arguments directed at her APA claim, the Court would retain subject matter jurisdiction over her constitutional claim, rendering dismissal of the entire complaint unwarranted.

Second, Defendants misunderstand the factual basis for Beberman's APA claim. She repeatedly disclaims any attempt to appeal the FSGB's denials of interim relief. In fact, she readily concedes that the FSGB's decisions are nonfinal, and therefore unreviewable, because she has moved for their reconsideration.[4] *See, e.g.*, ECF No. 1 at 2–4; ECF No. 2 at 5; ECF No. 8 at 1–3. Rather, she asserts that, because the FSGB granted her temporary interim relief from separation—which she asserts remains in effect—Defendants' decision to separate her from the Foreign Service is final agency action that violates 22 U.S.C. § 4136(8) (authorizing that relief). *See* ECF No. 8 at 2. Defendants have not argued that Defendants' decision to separate her is not final agency action.

Third, and in any event, Defendants are wrong on the law. Final agency action is not a jurisdictional requirement under the APA. In other words, even assuming Beberman's APA claim fails to challenge final agency action, that would not deprive the Court of subject matter jurisdiction over it, although it *would* mean that she does not have a cause of action. *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183–85, 188–89 (D.C. Cir. 2006). The cases from this Circuit cited by Defendants for the contrary proposition do not address subject matter

---

[3] Because Beberman is a *pro se* plaintiff, the Court considers all her filings in deciding Defendants' motion to dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

[4] That these orders are not final, Beberman asserts, is precisely why the FSGB's order granting her temporary interim relief remains in effect. *See* ECF No. 2 at 11–14.

5

jurisdiction at all. Therefore, they provide no reason to doubt that in this Circuit "the finality requirement . . . determine[s] whether there is a cause of action under the APA, not whether there is federal subject matter jurisdiction." *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017). For these reasons, the Court does, in fact, have jurisdiction over Beberman's Due Process and APA claims under 28 U.S.C. § 1331. *See Trudeau*, 456 F.3d at 185.

**B.     Beberman's Motion for Preliminary Injunctive Relief**

The D.C. Circuit has set a high bar for a showing of irreparable harm required to obtain preliminary injunctive relief. Irreparable harm must be both certain and great, and it must be beyond remediation. *Chaplaincy*, 454 F.3d at 297. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." *Id.* at 297–98 (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). Absent extraordinary circumstances, recoverable economic losses will not constitute irreparable injury. *See Sampson*, 415 U.S. at 90; *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1294–95 (D.C. Cir. 2009).

Relevant here, the loss of a job and attendant difficulties do not generally constitute irreparable harm. *See, e.g.*, *Sampson*, 415 U.S. at 88–92; *Davis v. Billington*, 76 F. Supp. 3d 59, 65–66 (D.D.C. 2014) (finding no irreparable harm to a discharged federal employee ineligible to receive back pay); *Veich v. Danzig*, 135 F. Supp. 2d 32, 36 (D.D.C. 2001) (finding that loss of salary and benefits and damage to professional reputation were "no more than are typical in instances of the termination of any government employee" and insufficient to constitute irreparable harm); *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 4–5 (D.D.C. 1998) (finding no irreparable harm to a federal employee who argued that he would have trouble finding employment because he had been trained in a highly specialized field).

Beberman does not differentiate her predicament from the many cases in which courts have held that the termination of employment—while no doubt a serious disruption to the employee—does not "so far depart from the normal situation that irreparable injury might be found." *Sampson*, 415 U.S. at 92 n.68. She acknowledges that she will be entitled to back pay if she ultimately prevails on the merits of this suit. ECF No. 1 ¶ 54. Still, she argues that a monetary award cannot remedy the disruption to her career if she is separated from the Foreign Service because she will suffer the following non-economic harms: (1) her separation will reduce the likelihood of her promotion in the future; (2) she will be unable to stay current with Foreign Service developments, disadvantaging her in bidding for future Foreign Service positions; (3) she has a limited time left in the Foreign Service—about seven and a half years—because the mandatory retirement age is 65; and (4) she will not be able to find similar employment elsewhere because working in the Foreign Service is a unique career. ECF No. 1 ¶¶ 52–69. But none of these alleged harms meets the D.C. Circuit's standard for irreparable harm.

Beberman's first claim of non-economic injury is too speculative. She cannot show that, even assuming she is reinstated, she would likely receive a promotion without the gap in her service that will result from her separation. The Circuit rejected a similar claim of harm to future promotion opportunities as too speculative in *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d at 298. Preliminary relief is also unnecessary to redress this alleged harm; if she were to prevail in this lawsuit, the Court could order that she be reinstated with service credit for the time during which she was unlawfully separated. Her second claim of harm is insufficiently great to justify preliminary relief. Indeed, many employees removed from their work environments are unable to stay abreast of relevant professional developments to some degree. Beberman's situation presents nothing unusual along those lines. *Cf. Nichols*, 18 F. Supp. 2d at

5 ("Merely asserting that one will lose his or her job and its attendant salary, without more, cannot possibly provide a sufficient basis for injunctive relief.").

Similarly, Beberman's third and fourth claims of non-economic harm, while no doubt significant to her, are not the kind of certain, great, and irremediable harms that distinguish her case from many others in which employees are separated from jobs from which they derive professional satisfaction. Certainly, they are not harms of the sort the Circuit has found warrant preliminary injunctive relief. And Beberman has advanced, and lost, similar arguments in at least one other circuit. *See Beberman v. United States Dep't of State*, 675 F. App'x 131, 134 (3d Cir. 2017) ("Beberman is also not entitled to preliminary relief on the basis that being required to leave her post unexpectedly would cause her to 'lose forever the opportunity and satisfaction of serving as a U.S. diplomat in Equatorial Guinea.' While this may be an unfortunate consequence of the tenure denial decision, it is not the type of 'extreme deprivation' that a preliminary injunction is designed to remedy." (internal citation omitted)).

Beberman also cites several cases, mostly from the Ninth Circuit, in which courts have held that the loss of the ability to pursue a chosen profession amounts to irreparable harm. *See Arizona Dream Act Coal. v. Brewer*, 855 F.3d 957, 976 (9th Cir. 2017); *Enyart v. Nat'l Conference of Bar Exam'rs, Inc.*, 630 F.3d 1153, 1156–66 (9th Cir. 2011); *Bonnette v. District of Columbia Court of Appeals*, 796 F. Supp. 2d 164, 186–87 (D.D.C. 2011). But Plaintiffs in those cases faced barriers to an entire profession, such as law, or obstacles that would make the pursuit of *any* employment opportunity harder. Here, Beberman will only be separated from one type of job—the Foreign Service—and nothing prevents her from seeking other positions working for the government that also involve foreign affairs or diplomacy. Those cases do not suggest she faces irreparable harm under the law of this Circuit.

Finally, throughout her motion Beberman relies on *Miller v. Baker*, 969 F.2d 1098 (D.C. Cir. 1992), a case in which the Circuit addressed the scope of the FSGB's power to order relief from separation under 22 U.S.C. § 4136(8). She argues that it supports her claim that the loss of a Foreign Service job is a harm which cannot be remedied by economic relief alone. *See* ECF No. 2 at 6–9. But *Miller* does not stand for that proposition, nor does it help Beberman show irreparable harm in any other way. In fact, the case does not address preliminary relief at all, except by noting in passing that because the district court there had "refused to issue a temporary restraining order," the plaintiff was separated from the Foreign Service. *Id.* at 1099. So too here. For all these reasons, Beberman has not shown that she will be irreparably harmed by her separation from the Foreign Service. Accordingly, the Court must deny her motion for preliminary injunctive relief.[5]

---

[5] Beberman also asserts that irreparable harm flows from her due process claim. ECF No. 2 at 6–7. Although "a prospective violation of a constitutional right constitutes irreparable injury," *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013), this is so only when the violation "is shown to be likely," *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 334 (D.C. Cir. 2018). In other words, if Beberman is unlikely to succeed on the merits of her constitutional claim, she cannot show irreparable harm through the violation of a constitutional right. *See Brown v. Fed. Election Comm'n*, 386 F. Supp. 3d 16, 33 (D.D.C. 2019). Here, Beberman is unlikely to prevail on the merits of her due process claim because, even assuming she has a constitutionally protected interest in her job, she has not shown that Defendants decided to separate her without adequate process. *See NB ex rel. Peacock v. District of Columbia*, 794 F.3d 31, 41 (D.C. Cir. 2015). To the contrary, Defendants afforded Beberman extensive notice and opportunities to be heard. *See Propert v. District of Columbia*, 948 F.2d 1327, 1331–32 (D.C. Cir. 1991). She was initially scheduled to be separated in March 2016, over three and a half years ago. ECF No. 1 at ¶¶ 39–40. She has since then been granted temporary interim relief, presented her argument for interim relief in three cases, and received at least five written FSGB decisions that resolved her requests for interim relief. *See* ECF No. 5-3; ECF No. 5-4; ECF No. 5-5; ECF No. 8-1 at 2–21, 22–45. Further, upon receiving notice that she would be separated on October 31, 2019, she took the opportunity to argue that her temporary interim relief remained in effect because of her pending motions for reconsideration, but the State Department, acknowledging those motions, disagreed. ECF No. 2-1 at 102–10. Because she is unlikely to succeed on this constitutional claim, it cannot provide the basis for her alleged irreparable harm.

## IV. Conclusion

For all the above reasons, Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 6, is **DENIED** and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 2, is also **DENIED**. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: October 30, 2019